IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DANNY P., ANGELA P. and NICOLE B.,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>CATHOLIC HEALTH INITIATIVES, and CATHOLIC HEALTH INITIATIVES MEDICAL PLAN - BLUE CROSS BLUE SHIELD,<br>　　　　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO TRANSFER VENUE**<br><br>Case No. 1:14-cv-00022-DN<br><br>District Judge David Nuffer |

Plaintiffs Danny P., Angela P. and Nicole B. (collectively, "the P. Family") brought suit under the Employee Retirement Income Security Act of 1974 ("ERISA"), seeking to recover expenses incurred by them for the treatment of Nicole B. at the Island View Residential Treatment Center ("Island View"). The P. Family alleges that Defendants Catholic Health Initiatives and Catholic Health Initiatives Medical Plan – Blue Cross Blue Shield (collectively, "CHI") improperly, under the terms of an employee health care plan, denied coverage for the cost of Nicole B.'s care at Island View. CHI moved for transfer of venue to the Western District of Washington under 28 U.S.C. § 1404(a) for the convenience of all of the parties involved, including the plaintiffs.[1] For the reasons below, CHI's Motion to Transfer Venue is GRANTED.

**BACKGROUND**

Plaintiffs are residents of Kitsap County, Washington. Angela P. is the mother of Nicole B., and is employed by Franciscan Health System, an affiliated entity of CHI, in the state of

---

[1] Defendant's Motion to Transfer Venue and Memorandum in Support of Their Motion to Transfer Venue, docket no. 16, filed May 23, 2014.

Washington. She and her daughter were enrolled in a health care plan that was in effect during the relevant period, provided and administered by CHI, through her employment.

CHI is a nonprofit health system with headquarters in Colorado and Kentucky, operating in 18 states but not in Utah. CHI is the sponsor and administrator of the plan at issue, managing it from Kentucky. Blue Cross Blue Shield of Illinois ("BCBSIL") provides certain administrative services to CHI in regards to the plan, including the adjudication of claims in accordance with terms and conditions of the plan and the administrative services agreement between CHI and BCBSIL. CHI retains full and final authority and responsibility for the plan and its operation.

Nicole B. received medical care and treatment at Island View in Utah from July 6, 2011 through June 8, 2012. Claims for her treatment were submitted to BCBSIL through Regence Blue Cross Blue Shield ("Regence"). After review, BCBSIL rejected the claims.

The P. Family brought suit against CHI under ERISA, alleging proper venue under 29 U.S.C. § 1132(e)(2) and 28 U.S.C. 1391(c). In its motion, CHI argued that transfer is more convenient for all parties and that no party has any connection to the state of Utah beyond treatment that was not approved for coverage under the plan at issue.[2] CHI argues it would be "fundamentally unfair to proceed with this case in Utah when the factual circumstances and basic legal issues alleged in the Complaint have no connection to the State of Utah."[3] The P. Family argues that venue is proper in the state of Utah, that their original choice of venue should not be disturbed unless CHI can show evidence of undue inconvenience,[4] and that their choice of counsel with expertise in this area of law would be much more limited in Washington.[5]

---

[2] *Id.* at 5–6.

[3] *Id.* at 6

[4] Plaintiffs' Memorandum in Opposition to Defendants' Motion to Transfer Venue, at 6–11, docket no. 17, filed June 6, 2014.

[5] *Id.* at 10.

## DISCUSSION

### 1.  Legal Standard for Transferring Venue under § 1404(a).

Under 28 U.S.C. § 1404(a), a district court may transfer a civil action to another district "for the convenience of parties and witnesses, in the interest of justice," but "[t]he party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient."[6] Among the factors a district court should consider are:

> [T]he plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.[7]

Questions arising in the areas of conflicts of law or local law will not occur in this case because "when a case is transferred under § 1404(a), the transferee court must apply the same law as applicable in the transferor court."[8] Therefore, among the list of factors the Tenth Circuit considers under § 1404(a),[9] only the plaintiff's choice of forum and the accessibility of witnesses and other sources of proof are relevant. Witnesses are not as important in ERISA where focus is generally limited to the administrative record, but the most relevant evidence is not in Utah.[10]

In the Tenth Circuit, "[u]nless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed."[11] However, CHI relies on a limiting

---

[6] *Chrysler Credit Corp. v. Country Chrysler, Inc*., 928 F.2d 1509, 1515 (10th Cir.1991).

[7] *Id.* at 1516 (citing *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir.1967)).

[8] *See id.* at 1515–16.

[9] *See Chrysler Credit Corp.*, 928 F.2d at 1516.

[10] *Jewell v. Life Ins. Co. of Am*., 508 F.3d 1303, 1309 (10th Cir.2007); *Jon N. v. Blue Cross Blue Shield of Mass., Inc*., No. 1:07-cv-137-DAK, 2008 U.S. Dist. LEXIS 35464, *3 (D. Utah Apr. 29, 2008).

[11] *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) (quoting *William A. Smith Contracting Co. v. Travelers Indem. Co*., 467 F.2d 662, 664 (10th Cir.1972)).

proposition used in two unpublished cases from the District of Utah: that the plaintiff's choice of forum has "less force if the forum has little connection with the operative facts of the lawsuit."[12]

In the first of those two cases, *Island View Residential Treatment Center, et al. v. Kaiser Permanente, et al.*,[13] an out-of-state family brought an ERISA claim against an insurer for a denial of coverage for treatment that took place in Utah.[14] In granting the insurer's motion to transfer venue, the court reasoned that transfer to California was appropriate because all of the decisions made regarding the plan and the alleged breach of ERISA occurred in California.[15] More importantly for the court was the fact that both parties were located in California.[16]

Additionally, the Court held that the plaintiffs' choice of forum was insufficient to override the convenience of transferring the case to California because there was "little or no connection between the operative facts relating to coverage and [Utah]," neither of the parties had ties to Utah, "the plan was not administered or breached in Utah, and the relevant facts and witnesses, if any discovery is to be conducted, [were] not in Utah."[17] The court gave no weight to the argument that the motion to transfer should not be granted for the convenience of counsel.[18]

In the second unpublished case from the District of Utah, *Jon N. v. Blue Cross Blue Shield of Mass., Inc.*,[19] the court similarly granted a motion to transfer a case from Utah to

---

[12] *Island View Residential Treatment Center, et al. v. Kaiser Permanente, et al.*, No. 1:09-cv-3, 2009 WL 2614682 at *3 (D. Utah Aug. 21, 2009) (internal quotations and citation omitted). *See also Jon N. v. Blue Cross Blue Shield of Mass., Inc.*, 2008 U.S. Dist. LEXIS 35464 (D. Utah Apr. 29, 2008).

[13] No. 1:09-cv-3, 2009 WL 2614682 (D. Utah Aug. 21, 2009).

[14] *Id.* at *3.

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] No. 1:07-cv-137-DAK, 2008 U.S. Dist. LEXIS 35464 (D. Utah Apr. 29, 2008).

Massachusetts under § 1404(a) because "the beneficiaries, employer, and Plan administrator [were] all residents of [another state]."[20] The court stated "[i]t is fundamentally unfair to proceed with the case in Utah when there are no ties to this state. Although treatment occurred [in Utah], everything relevant to the action occurred in Massachusetts."[21]

The rulings in *Island View* and *Jon N.* and the briefs in this case focus great attention on the ERISA venue provision[22] that provides an easier path for laying venue "where the plan is administered, where the breach took place, or where a defendant resides or may be found."[23] In *Island View*, the court based the transfer "on the basis that under [the ERISA venue provision] venue is not proper in this district, but is proper in the Northern District of California" because of deficiencies in meeting the ERISA venue provision.[24] However, unlike a motion to dismiss or transfer under 28 U.S.C. § 1406(a) for a venue deficiency, a motion to transfer under § 1404(a) is not conditioned upon venue being improper.[25] So although venue may be questionable under the ERISA venue provision, those factors are not immediately salient under § 1404(a).

### 1. Transferring Venue is Proper under § 1404(a).

The facts of this case follow those in *Island View* and *Jon. N.* While Nicole P. received treatment in Utah, the plan was not administered in Utah and the decisions regarding coverage were not made in Utah. Furthermore, the P. Family and CHI are not located in Utah, but both are located in Washington. As in *Island View*, these facts cast doubt upon the validity of venue in

---

[20] *Id.* at *9.

[21] *Id.*

[22] 29 U.S.C. § 1131(e)(2).

[23] *Id.*

[24] *Island View Residential Treatment Center*, 2009 WL 2614682, *1.

[25] *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 579 (2013).

Utah under the ERISA venue provision. However, although the proper laying of venue is not a factor under § 1404(a), it adds weight to the analysis of transferring "in the interest of justice."[26]

The P. Family's argument that their choice of venue in Utah should not be disturbed unless CHI can show evidence of undue inconvenience is not without merit, and CHI has done little to show inconvenience. Similar to *Island View* and *Jon N.*, CHI makes arguments as to why venue was incorrectly or very weakly laid in Utah, but CHI has not shown that the lack of facts connecting the case to Utah creates significant inconvenience. But convenience is not the only policy underlying § 1404(a): the interest of justice in the proper venue should not be forgotten. CHI's arguments under the ERISA venue provision weigh heavily on the interests of justice. CHI argues that convenience and justice would be better served in the Western District of Washington where the P. family resides and therefore where the plan was breached.[27] That could also be true of Illinois, where the plan was administrated and adjudicated, or Kentucky and Colorado, where CHI is headquartered. Any of those venues, and especially the Western District of Washington, bears a greater, and therefore a more just connection to the case than Utah.

Plaintiffs also argue that their counsel has expertise in this kind of ERISA case, expertise that will be difficult to find in Washington. Choice of counsel is not addressed in 28 U.S.C. § 1404(a), and the Tenth Circuit has yet to rule on this issue. However, the Seventh Circuit has held that convenience of counsel is not a relevant factor in determining whether change of venue is proper under § 1404(a).[28] In *Island View*, the court gave no deference to the location of counsel in Utah, stating that "[i]f it is not inconvenient for the [plaintiffs] to travel to Utah for

---

[26] 28 U.S.C. § 1404(a).

[27] "The breach of an ERISA plan occurs at the place the policy holder resides and would have received benefits." *Island View Residential Treatment Center*, 2009 WL 2614682, *2 (citing *Barnum v. Mosca, et al.*, 2009 WL 982579 (N.D. N.Y. April 13, 2009); *Jon N.*, 2008 U.S. Dist. Lexis 35464; *Brown Schools, Inc. v. Florida Power Corp.*, 806 F.Supp. 146, 151 (W.D. Texas 1992).

[28] *Chicago, R.I. & P.R. Co. v. Igoe*, 220 F.2d 299,303 (7th Cir.1955).

this litigation, they cannot claim with credibility that it is inconvenient for their counsel to travel to California."[29] Regardless, the Seventh Circuit's reasoning is persuasive and this court does not consider convenience of counsel to be a relevant factor.

**ORDER**

For the reasons stated above, CHI's Motion to Transfer Venue[30] is GRANTED. The court ORDERS that this action be transferred to the United States District Court for the Western District of Washington.

DATED this 13th day of January, 2015.

BY THE COURT:

_David Nuffer_
David Nuffer
United States District Judge

---

[29] *Island View Residential Treatment Center*, 2009 WL 2614682, *3.

[30] Defendant's Motion to Transfer Venue and Memorandum in Support of Their Motion to Transfer Venue, docket no. 16, filed May 23, 2014.